ALBERT KAZANGIAN, PLAINTIFF *v.* NICHOLAS F. BRADY, ET AL., DEFENDANTS

Court No. 90–04–00206

*Birol John Dogan* for plaintiff.
*Stuart M. Gerson,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Field Office, (*Bruce N. Stratvert*) United States Department of Justice, Civil Division, Commercial Litigation Branch, for defendants.

(Dated June 27, 1991)

## MEMORANDUM AND ORDER

RESTANI, *Judge:* Mr. Albert Kazangian seeks relief from the decision of the Department of the Treasury to revoke his customs broker's license. Defendants now move for dismissal of plaintiff's complaint for lack of prosecution and failure to comply with the court's scheduling order. For the reasons set forth below, the court denies defendants' motion, but orders stay of the decision to revoke lifted.

## BACKGROUND

Treasury brought charges against Mr. Kazangian for fraud against his clients, failure to maintain required records and powers of attorney, and failure to account for client funds. A hearing was held before an administrative law judge on March 16 and 17, 1989. On June 30, 1989, the judge recommended that Mr. Kazangian's broker's license be revoked.

On January 4, 1990, the Assistant Secretary of the Treasury adopted the recommendation and ordered the revocation of Mr. Kazangian's broker's license. This revocation has been stayed during the pendency of this action pursuant to 19 U.S.C. § 1641(e)(5) (1988), which provides, in relevant part, that "[t]he commencement of proceedings under [section 1641(e)] shall, unless specifically ordered by the court, operate as a stay of the decision of the Secretary.* * *"

At a CIT Rule 16 conference, held on January 15, 1991, the court allowed Mr. Kazangian until March 16, 1991, to file a motion for judgment on the administrative record under CIT Rule 56.1. The court granted extensions of the due date pursuant to motions filed March 15, March 29

and April 15, 1991, with the consent of defendants, on Mr. Kazangian's representations (and subsequently those of his counsel) that he was obtaining counsel and that his counsel needed time to study the documents and to prepare the appropriate motion papers.

The most recent due date for filing of Mr. Kazangian's Rule 56.1 motion was April 19, 1991. Mr. Kazangian failed either to file his motion or to request a further extension. On May 13, 1991, defendants, not having heard from Mr. Kazangian, filed a motion to dismiss the action for lack of prosecution and failure to comply with the scheduling order.

## DISCUSSION

Plaintiff originally brought this action *pro se,* and subsequently retained the attorney who represented him during the proceedings from which he now appeals. As indicated, plaintiff requested extensions, which the government did not oppose. The last request came from plaintiff's attorney, who requested an extension until April 19, which deadline he did not meet. Mr. Kazangian's counsel claims that Mr. Kazangian "had prepared documents resembling a letter brief which did not contain nor address the issues of law necessary for a proper adjudication of his case." Affirmation at 1. Counsel appears to claim that he miscalculated the amount of time that he would require to review the administrative record and prepare a motion. The court has reviewed the record and does not find it to be especially voluminous. As counsel represented Mr. Kazangian in the proceedings below he should have been able to prepare timely motions. Furthermore, this is not a valid reason for failure to seek a timely extension. The court can only assume at this point that Mr. Kazangian and his attorney have ignored the court's deadline because they believe that it is in their best interest to do so. They are incorrect.

The normal procedure of stay of revocation pending judicial resolution may create a motivation to employ tactics of delay. Although the court would be acting well within its discretion to dismiss this action for utilization of such tactics, the court believes it can end further flouting of its orders with the less terminal action of vacation of the current stay, which permits plaintiff to remain licensed pending these proceedings. Mr. Kazangian has already had the benefit of months of operating under these provisional conditions. Furthermore, the slipshod way that plaintiff has pursued, or failed to pursue, this action indicates that extending the time that Mr. Kazangian can continue acting as a customs broker pursuant to the stay is likely not in the public interest.

Therefore, defendants' motion to dismiss is denied. The court, however, orders stay of the revocation decision lifted, and plaintiff's customs broker's license shall accordingly be revoked pending resolution of this action. Plaintiff shall file his Rule 56.1 motion within thirty (30) days of this order. No further extensions will be granted and the court directs the clerk's office to dismiss this action if the motion is not timely filed.